UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**Raymond James & Assocs.,,**

    Plaintiff,

v.                                         23-cv-6497-EAW-MJP

**Willie James Ellison, et al.,**

    Defendants.

**DECISION and ORDER**

**Pedersen, M.J.** Plaintiff Raymond James & Associates moves for an order staying discovery with the consent of those Defendants who have appeared. For the reasons that follow, Plaintiff's motion is **GRANTED.**

Before turning to the reasons for granting Plaintiff's motion, the Court first notes its displeasure with the parties—particularly Plaintiff. On granting the parties' most recent request for an extension of discovery deadlines in mid-September, this Court unambiguously told the parties:

> [T]he Court notes that it will not consider a pending renewed motion for interpleader relief as an adequate basis for the further extension of deadlines. The Court expects that the parties will move forward with discovery, noting additionally that the parties have not asked for stay of discovery in this case.

1

(Text Order, Sept. 16, 2024, ECF No. 42.) Two months later, having nearly run out the clock on this latest set of deadlines, Plaintiff finally asks the Court to stay discovery. This could have been done months ago. Instead, Plaintiff spent time arguing a faulty interpleader motion that Chief Judge Wolford rejected. The Court similarly assumes that the parties have helped themselves to a stay, and only now ask for the Court's approval of it. Indeed, that is apparent from Plaintiff's letter notifying the Court of the parties' decision "to postpone selection of a mediator pending [Plaintiff's]" stay motion. (Letter Mot. at 1, Nov. 11, 2024, ECF No. 49.)

    Turning to the relevant legal standard, as this Court has noted, "the Federal Rules do not gift any defendant an automatic stay merely because that defendant files a dispositive motion." *Short v. City of Rochester*, No. 22-CV-6263-EAW-MJP, 2024 WL 4002449, at *2 (W.D.N.Y. Aug. 30, 2024). So too for Plaintiff as the party moving for dispositive relief that will end its involvement in this case. Even considering the individual treatment this Court must afford a motion for a stay, "the moving party must show good cause and prevail on the factors courts use" to analyze whether a stay is warranted. *Id*. "The burden is on the movant to establish that a stay is warranted." *Id*. (citation omitted). Those factors are: "(1) the breadth of discovery sought; (2) any prejudice

that would result; and (3) the strength of the motion." *Allah v. Latona*, 522 F. Supp. 3d 1, 2 (W.D.N.Y. 2021).

Here, analysis of the stay factors demonstrates that Plaintiff's motion should be granted. *First*, Chief Judge Wolford rejected Plaintiff's initial interpleader motion for failure to post bond. (D&O at 10, ECF No. 40 ("Raymond James has not persuaded the Court that allowing it to post only a nominal bond would satisfy the purposes of the deposit requirement. Accordingly, the Court cannot grant the relief sought by Raymond James.").) Plaintiff has fixed that problem. (Robinson Decl. ¶ 4, ECF No. 40 (noting certain Defendants' consent to Plaintiff's motion since "[i]nstead of requesting leave to post a nominal bond, Plaintiff now requests leave to liquidate the disputed accounts and deposit them with the Court").) This speaks to the strength of Plaintiff's pending second interpleader motion.

*Second*, the Court finds that the prejudice factor likewise favors granting Plaintiff's motion. The Defendants who have appeared have consented to Plaintiff's motion.

*Finally*, while the Court does not necessarily agree with Plaintiff's arguments about efficiency and cost-effectiveness, this factor is at worst neutral. The Court notes that if the parties have already conducted discovery in a related case, they can simply reproduce that discovery in this case at minimal cost.

3

But the Court takes Plaintiff's point that if it grants this motion, and Chief Judge Wolford grants the motion for interpleader relief, Plaintiff's "involvement in the selection of a mediator and participation in mediation would be rendered moot." (Pl.'s Mem. of Law at 5, ECF No. 49-1.) Judicial economy thus favors a stay since Plaintiff's motion "may obviate the need for potentially onerous discovery." *Josie-Delerme v. Am. Gen. Fin. Corp.*, No. CV 2008-3166 NG/MDG, 2009 WL 497609, at *2 (E.D.N.Y. Feb. 26, 2009).

Ultimately, the Court concludes that there is good cause for a stay under Fed. R. Civ. P. 26(c) until Chief Judge Wolford resolves Plaintiff's interpleader motion. *See Palladino v. JPMorgan Chase & Co.*, 345 F.R.D. 270, 273–74 (E.D.N.Y. 2024) ("While various district courts debate which of the three factors is the most important, 'there can be little doubt that simplification of the issues and prejudice to the opposing party are more important than the case's state of completion.'" (quoting *OV Loop, Inc. v. Mastercard Inc.*, No. 23-CV-1773 (CS), 2023 WL 7905690, at *2 (S.D.N.Y. Nov. 16, 2023))), *magistrate judge's order aff'd*, —— F. Supp. 3d ——, No. 23CV1215MKBJAM, 2024 WL 1672282 (E.D.N.Y. Apr. 18, 2024). A stay is appropriate in this case.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's motion for a stay. Pursuant to Fed. R. Civ. P. 26(c), discovery in this case is stayed pending the Chief Judge's ruling on the pending motion for interpleader

relief. Upon the Chief Judge's decision, the remaining parties are **OR-DERED** to contact the Chambers of the undersigned within 7 business days of that decision to set up a new scheduling conference. Failure to do so may result in sanctions under Fed. R. Civ. P. 16(f).

**IT IS SO ORDERED.**

Dated: November 15, 2024
Rochester, NY

*/s/ Mark W. Pedersen*
MARK W. PEDERSEN
United States Magistrate Judge