UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RAYMOND JAMES & ASSOCIATES, INC.,

                Plaintiff,

      v.

WILLIE JAMES ELLISON, JULIAN
BROWN, SHIRLEY WELLS, JACK
BROWN, MICHAEL BROWN, SCOTT
BROWN, PRECIOUS BROWN, and
CHASITY GREENE,

                Defendants.
_____

**DECISION AND ORDER**

6:23-CV-06497 EAW

## INTRODUCTION

Plaintiff Raymond James & Associates, Inc. ("Raymond James"), a financial services firm, commenced this interpleader action pursuant to 28 U.S.C. § 1335 against defendants Willie James Ellison, Julian Brown, Shirley Wells, Jack Brown, Michael Brown, Scott Brown, Precious Brown, and Chasity Greene (collectively "Defendants"). (Dkt. 1). The action relates to two Individual Retirement Accounts (the "Accounts") at Raymond James owned by Gayla Ellison at the time of her death in May 2021, and the Court assumes familiarity with the facts set forth in its August 29, 2024 Decision and Order denying without prejudice Raymond James' first motion for interpleader deposit. (Dkt. 40).

- 1 -

Pending before the Court is Raymond James' renewed motion for interpleader deposit. (Dkt. 43). In its renewed motion, Raymond James moves for a Court order providing that:

(1) this action shall proceed as an action in interpleader;
(2) Raymond James is ordered to liquidate the Accounts to cash and deposit the cash in the registry of the Court within 10 days of the Order;
(3) Raymond James is adjudicated as not liable to any of the Defendants with respect to the Accounts;
(4) Raymond James is fully and finally discharged from any and all further liability with respect to the Accounts, and dismissed from this action;
(5) the Defendants, their agents, attorneys, and/or representatives, shall be, and are hereby, permanently enjoined from instituting or prosecuting any proceeding in any jurisdiction against Raymond James on the basis of the Accounts or their respective claims thereto;
(6) Raymond James is awarded its attorneys' fees and costs incurred in bringing this interpleader action, to be further determined after the adjudication of the merits of this action and upon declaration by Raymond James' counsel of the fees and costs incurred by Raymond James; and
(7) such other and further relief as this Court deems just and equitable.

(*Id.* at 1-2). Julian Brown and Precious Brown (hereinafter, "Objecting Defendants") oppose Raymond James' renewed motion for interpleader relief in part. (Dkt. 47).

For the reasons that follow, Raymond James' renewed motion for interpleader relief is granted in part and denied in part.

**DISCUSSION**

I. **Interpleader Standard**

Pursuant to 28 U.S.C. § 1335(a), a federal district court has "original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more" if "(1) [t]wo or more adverse claimants, of diverse citizenship . . . , are claiming or may claim to be entitled to such money or property" and "(2) the plaintiff has deposited such money or property . . . into the registry of the court . . . or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy." *Id.*; *see also Metal Transp. Corp. v. Pac. Venture S. S. Corp.*, 288 F.2d 363, 365 (2d Cir. 1961) ("As a general rule, when a sum of money is involved, a district court has no jurisdiction of an action of interpleader if the stakeholder deposits a sum smaller than that claimed by the claimants."); *William Penn Life Ins. Co. of New York v. Viscuso*, 569 F. Supp. 2d 355, 359 (S.D.N.Y. 2008) ("The federal interpleader statute grants district courts original jurisdiction over actions of interpleader or in the nature of interpleader where a plaintiff stakeholder has in its possession money or property worth $500 or more that is or may be the subject of adverse claims by two or more claimants of diverse citizenship.").

"Interpleader actions usually unfold in two stages. First, the court determines whether interpleader jurisdiction exists and, if it does, discharges the stakeholder from the action. The court then adjudicates the defendants' competing claims." *Id.* (citations omitted). "[T]he appropriateness of an interpleader action rests on whether the plaintiff has a real and reasonable fear of double liability or vexatious, conflicting claims against the single fund, regardless of the merits of the competing claims." *Metro. Life Ins. Co. v. Mitchell*, 966 F. Supp. 2d 97, 102 (E.D.N.Y. 2013) (quotations and citations omitted). "[T]he interpleader statute is remedial and to be liberally construed, particularly to prevent races to judgment and the unfairness of multiple and potentially conflicting obligations." *Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading LLC*, 814 F.3d 146, 151 (2d Cir. 2016) (quotation and citation omitted).

Raymond James requests an Order from the Court directing it to liquidate the Accounts and deposit the cash in the registry of the Court in satisfaction of the deposit requirement. (Dkt. 44 at 11). Objecting Defendants consent to this request. (Dkt. 47 at ¶ 5). The Court is satisfied that this relief is appropriate.

As noted above, a plaintiff may seek interpleader relief where there are two or more claimants adverse to each other and whose claims may expose plaintiff to double or multiple liability. 28 U.S.C. § 1335. Raymond James has adequately established that it has a reasonable and legitimate fear of multiple liability and the existence of conflicting claims as to the proper rights to the Accounts, and Objecting Defendants do not disagree

- 4 -

with this contention. Accordingly, upon review of the record and there being no opposition from Defendants, the Court finds that Raymond James has adequately met the jurisdictional requirements of 28 U.S.C. § 1335 and grants Raymond James interpleader relief.

## II. Discharge of Raymond James

The Court next turns to whether it should discharge Raymond James insofar as the stake is concerned and dismiss it from the case. Objecting Defendants contend that any request for discharge is "premature" because the parties have not completed discovery and Objecting Defendants have not determined "whether any claims exist against Raymond James because of its refusal to disclose the beneficiary designation and unlawfully retain the decedent's IRA." (Dkt. 32 at 12). Raymond James counters that Objecting Defendants have had ample time to determine whether to assert claims against it and have not done so. (Dkt. 48 at 7-8). The Court agrees.

"Generally, once an interpleader plaintiff has satisfied the Section 1335 jurisdictional requirements of an interpleader claim, the court should readily grant discharge of the stakeholder, unless it finds that the stakeholder may be independently liable to a claimant or has failed to satisfy the various requirements of interpleader, including, when required, deposit of the stake." *New York Life Ins. Co. v. Apostolidis*, 841 F. Supp. 2d 711, 720 (E.D.N.Y. 2012) (quotation and citation omitted); *see also Nat'l Life Ins. Co. v. Gomez*, No. 1:15-CV-00439, 2016 WL 2757748, at *2 (N.D.N.Y. May 12, 2016) ("However, a stakeholder should not be discharged from an action if it 'may be

- 5 -

independently liable to a claimant.'" (quoting *N.Y. Life Ins. Co.*, 841 F. Supp. 2d at 720)). "A discharge in interpleader 'permits the neutral stakeholder having no claim to the subject matter of the action, to retire from the action and requires competing claimants to interplead their claims.'" *Aon Corp. v. Hohlweck*, 223 F. Supp. 2d 510, 514 (S.D.N.Y. 2002) (quoting *Aliuga v. Perera Co., Inc.*, 494 F. Supp. 18, 20 (S.D.N.Y.1979)).

Here, while multiple Defendants claim entitlement to beneficiary status and the rights to the proceeds from the Accounts, there is no cognizable argument that Raymond James could be properly liable to all Defendants as to the proceeds of the Accounts. Nor does Raymond James have any claim to the Accounts itself and as noted, no counterclaims have been asserted against it. In other words, each side argues that they, and not other parties, are the proper beneficiaries to a single identifiable stake and it will be for the Court to determine the merits of the competing claims to the Accounts. On these facts, Raymond James is entitled to discharge. *See William Penn Life Ins. Co. of New York v. Viscuso*, 569 F. Supp. 2d 355, 361 (S.D.N.Y. 2008) ("Where there are multiple claims to the stake as well as counterclaims against the stakeholder, interpleader is proper, and the court may discharge the plaintiff from liability on the stake but retain jurisdiction over the plaintiff for purposes of adjudicating the counterclaims.").

Further, to the extent that Defendants seek discovery from Raymond James, they are not precluded from obtaining it post-discharge and this circumstance does not warrant denying Raymond James' request for discharge. *See Windmill Distrib. Co., L.P. v.*

*Jaigobind*, No. 23CV01407(KAM)(JMW), 2023 WL 4565402, at *5 (E.D.N.Y. May 11, 2023) ("Regardless, Arjoon's position is not an assertion of liability, it is instead a request premised in convenience.  The Court sees no reason to tether Windmill to this action based on something that can be achieve through other simpler means, such as a third-party subpoena."), *report and recommendation adopted,* 2023 WL 4564913 (E.D.N.Y. July 17, 2023).

Accordingly, Raymond James's request to be discharged and dismissed from the case is granted.  The Court directs Raymond James to deposit the sum of $528,106.38, plus accrued interest, if any, from August 30, 2024, into the Court.  Once the interpleader funds are deposited, Raymond James will be discharged from the litigation.

### III. <u>Permanent Injunction</u>

"In addition to allowing a district court to discharge an interpleader plaintiff, section 2361 allows a district court to 'enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court' and to 'make the injunction permanent.'" *New York Life Ins. Co.*, 841 F. Supp. 2d at 720 (quoting *Bank of America, N.A. v. Morgan Stanley & Co., Inc.*, No. 10 Civ. 6322, 2011 WL 2581765, at *4 (S.D.N.Y. June 24, 2011)).  "Section 2361 enables a party meeting the requirements of Section 1335 to obtain a restraining order without following the procedures set forth in Rule 65 . . . which normally governs the issuance of injunctive relief." *Id.*

(quoting *Sotheby's, Inc. v. Garcia*, 802 F. Supp. 1058, 1066 (S.D.N.Y.1992)). A court should grant a permanent injunction when "necessary to protect the Plaintiff . . . from overlapping lawsuits and to ensure the effectiveness of the interpleader remedy." *JPMorgan Chase Bank, N.A. v. 29-33 Ninth Ave., LLC*, 710 F. Supp. 3d 259, 269 (S.D.N.Y. 2024) (quotation and citation omitted).

Raymond James requests "a permanent injunction that restrains and enjoins the Defendants, their agents, attorneys, or representatives from instituting or prosecuting and proceeding in any jurisdiction against Raymond James on the basis of the Accounts or their respective claims thereto." (Dkt. 44 at 12). The Court concludes that Raymond James has not established its entitlement to the broad relief it seeks, which goes beyond any entitlement to the stake. As noted, while no counterclaims have been asserted presently, Objecting Defendants contend that Raymond James may be liable to them for in connection with its administration of the Accounts. Moreover, Raymond James has not provided admissible proof that would permit the Court to resolve this question in its favor as a matter of law on the instant motion. Therefore, this portion of Raymond James' motion is denied.

## IV.     Attorneys' Fees and Costs

"District courts possess equitable discretion to award costs and attorneys' fees to a disinterested stakeholder who has deposited the disputed res into court and sought a discharge from liability." *Correspondent Servs. Corp. v. J.V.W. Investments Ltd.*, 204 F.R.D. 47, 49 (S.D.N.Y. 2001) (citing *Septembertide Publishing, B.V. v. Stein & Day, Inc.*,

884 F.2d 675, 683 (2d Cir.1989)). "Whether attorney's fees should be awarded in an interpleader action is left to the sound discretion of the trial court." *Commercial Union Life Ins. Co. of New York v. Almonor*, No. 98 CIV. 3649 (JSM), 1999 WL 292562, at *1 (S.D.N.Y. May 7, 1999) (citing *Travelers Indemnity Co. v. Israel*, 354 F.2d 488, 490 (2d Cir. 1965)). But "courts need not award attorneys' fees in interpleader actions where the fees are expenses incurred in the ordinary course of business." *Travelers Ins. Co. v. Estate of Garcia*, No. 00 Civ. 2130, 2003 WL 1193535, at *4 (E.D.N.Y. Feb. 4, 2003).

Raymond James contends it is entitled to attorneys' fees and costs because it is an innocent interpleader plaintiff with no interest in the Accounts and that it has acted in good faith with respect to the Accounts. Objecting Defendants argue that the ordinary course of business exception applies because Raymond James routinely manages retirement and investment accounts and in addition, that Raymond James is responsible for the uncertainty between the Defendants.

On these facts and in its discretion, the Court will decline to award attorneys' fees in connection with the instant motion. The fees and costs incurred by Raymond James were more likely than not incurred in the normal course of business. *See Windmill Distrib. Co.*, 2023 WL 4565402, at *1 (denying fee request by plan administrator of 401(k) profit sharing plan concluding that "resolving conflicting claims to benefits is an inevitable activity that a plan administrator would undertake in the ordinary course of its business similar to the issues arise with insurance proceeds or pension funds"); *PMP Corp. 401(k)*

*Profit Sharing Plan v. Kingrasaphone*, No. 3:17-CV-1085 (VAB), 2021 WL 3630957, at *5 (D. Conn. Mar. 3, 2021) ("While PMP is not an insurance company, determining the distribution of plan benefits or '[c]onflicting claims to the proceeds of a policy are inevitable and normal risks' of maintaining and administrating a 401(K) plan." (quoting *Metro. Life Ins. Co. v. Mitchell*, 966 F. Supp. 2d at 105)); *PVH Corp. v. Houle*, No. 16-CV-1401 (RJS), 2017 WL 991107, at *1 (S.D.N.Y. Feb. 15, 2017) ("[Courts] have applied the Second Circuit's rationale in *Travelers* 'beyond the classic insurance context to disputes over pension benefits,' finding that '[c]onflicting claims to benefits owed to beneficiaries under an employee welfare benefit plan . . . are inevitable.'" (quoting *Croskey v. Ford Motor Co.-UAW*, No. 01-cv-1094 (MBM), 2002 WL 974827, at *10 (S.D.N.Y. May 6, 2002))).

Further, the legal matters conducted by Raymond James in this litigation were not complex, nor did it appear to incur any unique expenses. Moreover, the Court denied the relief that Raymond James sought in its initial interpleader motion, and is only granting partial relief in this renewed motion. Additionally, the Court notes the criticism directed at Raymond James' handling of this matter by the assigned magistrate judge. (*See* Dkt. 51 at 1-2). Based on the foregoing, the Court concludes that an award of attorneys' fees is not warranted.

## CONCLUSION

For the foregoing reasons, Raymond James' renewed motion for interpleader deposit (Dkt. 43) is granted in part and denied in part. The Court determines that interpleader relief is appropriate in this action, directs Raymond James to deposit the sum of $528,106.38, plus accrued interest, if any, from August 30, 2024, into the Court, and discharges Raymond James from this action. In all other respects, Raymond James' motion is denied. Counsel for the remaining parties are instructed to comply with the directions and deadline set by the assigned magistrate judge in his Decision and Order dated November 15, 2024. (Dkt. 51 at 4-5).

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  November 24, 2025
        Rochester, New York